**SAFEWAY STORES, Inc., v. SAFEWAY CONST. CO., Inc.**

No. 5663.

District Court, S. D. California, Central Division.

Nov. 25, 1947.

Williamson, Hoge & Curry, Fulton W. Hoge, and Willard R. Pool, for plaintiff.

Abraham Dworkin, for defendant.

WEINBERGER, District Judge.

The plaintiff seeks to enjoin the defendant from the use of the word "Safeway" in the conduct of the defendant's construction business or otherwise.

This case does not involve a trademark infringement. The wrong complained of is an unfair trade practice, so-called "unfair competition" by the defendant in using said plaintiff's trade name.

The evidence establishes that since 1926 plaintiff, or its predecessors, have continuously owned and operated an extensive grocery business under the name of "Safeway" in Los Angeles and elsewhere in California, and in other states and in Canada, and have expended millions of dollars each year advertising through various media under such name; that the plaintiff also engaged in the building business and does a large volume of construction work in connection with plaintiff's stores and other plants, warehouses, buildings,

and facilities, and that such construction business is generally known to contractors, outside dealers, and others, to be part of the "Safeway" operations.

Two divisions of plaintiff's business are concerned with such construction activity, one of which is operated under the name of "Bramwell Construction Company, Division of Safeway Stores, Incorporated," and the other under the name of "Preston Construction Company, Division of Safeway Stores, Incorporated."

The evidence further shows that defendant, on or about March 13, 1946, incorporated under the name of Safeway Construction Co., Inc., and is a California corporation engaged in building and selling homes in the vicinity of Los Angeles. That plaintiff, soon after hearing of defendant's use of said name "Safeway", on or about March 25, 1946, requested of defendant that it discontinue use of the name "Safeway" in connection with its said business, and this the defendant has refused to do.

It appears to us from the evidence that the name "Safeway" has become generally known, at least in California, to refer to plaintiff and its stores and related activities and has acquired such a secondary meaning as to become associated by the public generally with plaintiff and its business; that plaintiff and its business are well and favorably known to the public and plaintiff has built up an extremely valuable good will for itself and its business and the name "Safeway" with the general public.

That there has been proven that some confusion has been occasioned the public as regards to the businesses of plaintiff and defendant, by reason of the use by defendant of the word "Safeway" in its name, and that there is a likelihood that the continued use of the name "Safeway" by the defendant will or might result in further confusing and deceiving plaintiff's customers and the general public, and that many of the public might reasonably conclude that defendant's business is in some way connected with that of plaintiff, to the irreparable damage of plaintiff.

It appears to us that an injunction should be granted, restraining defendant from using the name "Safeway" in the conduct of its said business, as prayed for in plaintiff's complaint. It is ordered that plaintiff prepare findings and judgment in accordance with memorandum of conclusions this day filed herein.

### Findings of Fact

I. The court finds that plaintiff is a corporation, organized under and existing by virtue of the laws of the State of Maryland and is a citizen of said state; that defendant is a corporation, organized under and existing by virtue of the laws of the State of California and is a citizen of said state; and that defendant has its principal office for the transaction of business in the County of Los Angeles in said State of California.

II. The court finds that the matter in controversy is the value of plaintiff's name, and that such value exceeds the sum of $3,000, exclusive of interest and costs.

III. The court finds that:

(1) Beginning with the year 1926 plaintiff or its predecessor subsidiaries have continuously operated a chain of grocery stores in Los Angeles and vicinity under the name "Safeway" or "Safeway Stores". The business has grown to such an extent that plaintiff, either directly or through subsidiaries, now owns and operates approximately 2450 stores located in nineteen of the western states, four of the eastern states and five provinces of Canada. Plaintiff conducts seasonal or year-round buying operations in fourteen additional states. Plaintiff at all times since 1926 has had over 200 stores in the vicinity of Los Angeles operating under the name "Safeway" or "Safeway Stores", as the case may be. There are at present 307 stores in Los Angeles and its environs on which one or the other of these names is used.

(2) The net sales of plaintiff's business in 1945 amounted to over $600,000,000. Plaintiff expends approximately $4,000,000 per year for advertising in various media. Substantially all of such advertising makes use of the word "Safeway", and as a rule the word "Safeway" alone is used therein. In addition to retail stores, plaintiff owns and operates other facilities such as ad-

ministrative offices, warehouses, and manufacturing and processing plants of various kinds.

(3) In the retail store operation and in advertising the word "Safeway" is generally used alone. The standard sign on the exterior of the stores is the word "Safeway" in red letters against a yellow background. In some of the older stores the sign is "Safeway Stores. Distribution without Waste".

(4) Two divisions of plaintiff's business are concerned with construction activity. One of these operates under the name of Bramwell Construction Company, Division of Safeway Stores, Incorporated. Its business is to build, remodel and otherwise improve the Safeway retail stores, and to keep such stores and their equipment in repair.

(5) Another division, which operates under the name of Preston Construction Company, Division of Safeway Stores, Incorporated, does the construction work for all the Safeway buildings other than the retail outlets, such as office buildings, warehouses and manufacturing and processing plants. Such division is also responsible for the maintenance, remodelling and repair of these facilities. It purchases, installs and maintains the equipment and machinery used in such buildings except retail stores.

(6) Aside from some maintenance operations which they do directly, it is the practice of these divisions to let contracts to local contractors for construction work, which is done under the supervision of the divisions.

(7) In contracts and on all stationery, business cards and telephone listing, and in all public contacts, the phrase "Division of Safeway Stores, Incorporated" follows the name. Plaintiff's construction business is generally known to contractors, outside dealers and others to be a part of the Safeway operations.

(8) The overall expenditures of plaintiff for construction, equipment and maintenance in the year 1945 amounted to approximately $2,500,000.

IV. The court finds that the name "Safeway" has become generally known to refer to plaintiff and its stores and related activities and has acquired such a secondary meaning as to become associated by the public generally with plaintiff and its business; that plaintiff and its business are well and favorably known to the public and plaintiff has built up an extremely valuable good will for itself and its business and the name "Safeway" with the general public.

V. The court finds that defendant, on or about March 13, 1946, incorporated under the name of Safeway Construction Co., Inc., and engaged in the business of building and selling homes in the vicinity of Los Angeles; that it is now engaged in such business; and that plaintiff, soon after hearing of the use of the name "Safeway" on or about March 25, 1946, requested the defendant to discontinue the use of the name "Safeway" in connection with its said business and that the defendant refused to do so.

VI. The court finds that the organizers of the defendant corporation, when they selected its name and at all times thereafter, were well aware of the fact that plaintiff was operating and had for many years conducted extensive operations in Los Angeles and vicinity under the name "Safeway"; that no reason was given by defendant for selecting the name "Safeway", except that its organizers had difficulty in finding a name which would be passed by the Secretary of State.

VII. The court finds that some confusion has been caused the public as regards the businesses of plaintiff and defendant by reason of the use by defendant of the word "Safeway" in its name and that there is a likelihood that the continued use of the name "Safeway" by the defendant will or might result in further confusing and deceiving plaintiff's customers and the general public; and that many of the public might reasonably conclude that defendant's business is in some way connected with that of plaintiff, or sponsored by plaintiff.

VIII. The court finds that the continued use by defendant of the name "Safeway" will cause a loss in distinctiveness of said name, thus decreasing the value thereof, to plaintiff's damage; that plaintiff will or may be further damaged through being

458

subjected to the risk of injury to its reputation in the event that any activities of defendant should bring the name "Safeway" into disrepute; and that none of such damage is capable of being readily measured and is irreparable.

IX. The court finds that the defendant, by December 18, 1947, will be able to change its name without serious inconvenience to the conduct of its business.

### Conclusions of Law

As conclusions of law from the foregoing facts, the court finds:

I. That an injunction should be granted restraining the defendant, its officers, agents and employees, from using the word "Safeway" as its corporate name or part thereof, or as a trade name or part thereof in the conduct of its business.

II. That said injunction should be stayed and not take effect until December 18, 1947, upon which date said injunction should take effect and should be permanent.

### Judgment Enjoining Use By Defendant of Name "Safeway".

It is Ordered, Adjudged and Decreed that the defendant, its officers, agents and employees, be, and each of them is hereby, enjoined from using the word "Safeway" as the corporate name of the defendant or as a part thereof, or as a trade name or part thereof in the conduct of the business of the defendant.

This judgment shall be stayed until December 18, 1947, upon which date the injunction shall take effect and shall be permanent.