**SAFEWAY STORES, INCORPORATED, Plaintiff,**

v.

**SAFEWAY PROPERTIES, INC., Defendant.**

United States District Court
S. D. New York.

Sept. 27, 1961.

Fennelly, Douglas, Eagan, Nager & Voorhees, New York City, for plaintiff; William P. Lage, Charles J. Nager, New York City, of counsel.

Fried, Beck, Tannenbaum, Ruggieri & Field, New York City, for defendant; David Halperin, New York City, of counsel.

CASHIN, District Judge.

This is a motion pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a preliminary injunction restraining defendant from using the word "Safeway" in connection with defendant's business.

Plaintiff, a Maryland corporation, is the second largest national food chain with approximately 2,000 stores in 30 states and the District of Columbia, and an additional 200 stores in Canada oper-

ated by its Canadian subsidiary. Defendant, a New York corporation, is engaged in the purchase and sale of real estate properties. The facts are essentially as follows:

Plaintiff and its predecessor wholly owned subsidiary corporations have continuously used the name "Safeway" since 1925 in various parts of the United States, and plaintiff has used "Safeway" both as a tradename and as a trademark since 1941 on a national basis, in the business of operating retail food stores and of manufacturing, processing, warehousing and transporting food and non-food products. In connection with its principal business, plaintiff purchases, sells and leases real property and constructs its own offices, distribution centers, retail stores and other facilities. It owns and holds for sale surplus real properties valued at approximately $10,000,000 and participates in more than 200 real estate transactions annually which involve property valuations in excess of $100,000,000. Plaintiff's real estate business is carried on by real estate or property departments with "property managers", in all of their 25 retail divisions, and such departments are frequently listed separately in telephone directories.

Defendant was incorporated in August 1960 for the purpose, according to an advertisement placed by defendant in the New York Times of October 24, 1960, of conducting "a fully-integrated real estate enterprise for the purchase, development, financing, management, building and resale of property throughout the United States." Apparently, one of defendant's chief interests is in erecting shopping centers on or near various airports.

On or about November 30, 1960 plaintiff made a written demand upon the defendant to discontinue the use of "Safeway" in its corporate title. Thereafter, plaintiff's lawyers contacted the attorney for the defendant and advised him that they had been instructed to start legal proceedings unless defendant voluntarily changed its name. Defendant refused and was served with the complaint in this action on March 22, 1961.

Although defendant's President admits that he knew of plaintiff and its activities in the real estate field, he asserts that the name Safeway Properties, Inc. was conceived independently by him and his associates. Defendant further contends that there is no confusion between plaintiff and defendant in the minds of the buying public, that the word "safeway" is a descriptive term in use in many different fields, and has acquired no secondary meaning in the real estate field, and that the court should not grant a preliminary injunction where material facts are in dispute.

■ It appears from the papers before me that the only material factual issue in dispute is whether or not there has been confusion in the public mind. Both sides have submitted affidavits on this point. Plaintiff's affidavits are from municipal authorities and other people who have been confused by the similarity in names. Plaintiff has also submitted an affidavit of one of its secretaries who relates various telephone calls she received from people who thought plaintiff and defendant were connected. Defendant has submitted affidavits from people who have dealt with defendant, which state they did not think plaintiff and defendant were connected. Defendant also submitted the affidavit of its telephone operator who states that no one who telephoned the defendant thought it was connected with plaintiff. It is apparent from all these affidavits that at least some people have been confused. Moreover, one of plaintiff's competitors, Food Fair Stores, Inc., has a real estate subsidiary known as "Food Fair Properties, Inc." and knowing this people might easily be fooled into believing that plaintiff and defendant are connected.

It appears that the name "Safeway" has become generally known to refer to plaintiff and its stores and related activities and has acquired such a secondary meaning as to become associated by the public generally with plaintiff and its business. Thus, in Safeway Stores v. Safeway Const. Co., D.C.S.D.Cal.1947, 74 F.Supp. 455, a building construction out-

**940**

fit was enjoined from using the name "Safeway". At that time plaintiff's construction divisions were known as "Bramwell Construction Company, Division of Safeway Stores, Incorporated" and "Preston Construction Company, Division of Safeway Stores, Incorporated", and the defendant incorporated under the name of "Safeway Construction Co., Inc." and engaged in the business of building and selling homes. Similarly, in the instant case, plaintiff's real estate operations were conducted by its central Real Estate Division with subordinate Property Departments in each of its 25 operating districts.

I find that plaintiff's business is well known to the public, that the name "Safeway" has acquired such a secondary meaning as to become associated by the public with plaintiff and its business, and that some confusion has been caused the public as regards the business of plaintiff and defendant by reason of the use by defendant of the word "Safeway" in its name. I find that plaintiff's good will is a valuable asset and that there is a likelihood that if defendant continued to use its present name further confusion will occur and that the public might reasonably conclude that plaintiff and defendant are connected and that this could cause irreparable damage to plaintiff.

■ Defendant argues that it will be greatly damaged if this court issues a preliminary injunction. However, defendant received written notice from plaintiff to discontinue the use of the word "Safeway" within one and one-half months after the first announcement of defendant's formation and purpose. This notice was disregarded, as was a second warning, and defendant must be held to have contemplated all probable consequences. Lincoln Restaurant Corp. v. Wolfies Rest., Inc., D.C.S.D.N.Y.1960, 185 F.Supp. 454, affirmed 2 Cir., 1961, 291 F.2d 302.

Plaintiff's motion for a preliminary injunction is granted.

Settle order and submit therewith an undertaking in the amount of $15,000.